HOLD OIL CORPORATION; Hold Oil 1982 B Program; Willroy Mines (Texas) Inc.; and Sunburst Resources, Inc.; Appellants,

v.

The CORPORATION COMMISSION OF the STATE OF OKLAHOMA; Royalty Petroleum Company; Omega Gas & Oil, Inc.; Choctaw Gas Company; Cities Service Company; Cities Service Oil & Gas Corporation; Seagull Resources, Inc.; Combined Energy Group, Inc.; Kerr–McGee Corporation; Richard L. Gossett; Mary Lee Carmack; Gene Stipe; Clyde Stipe; Helen Shelton Davis; Lillian Shelton; Alice Courts; Grace Petroleum Corporation; Farrah Resources, Inc.; Mallard Resources, Inc.; Robert E. Beauchamp; Cove Petroleum Corporation; J.R. Mace; Apcot–Finadel Joint Venture; TXO Production Corporation; Wellington Resources Company; Irsie Coblentz; Carolyn Fowler; Janai Miller; Teresa Pryor; Charles Coblentz; Virginia Lash; Judy King and Elsie Coblentz, Appellees.

Nos. 65531, 66566.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 1, 1987.

Rehearing Denied Sept. 29, 1987.

Certiorari Denied Dec. 1, 1987.

Richard K. Books, Oklahoma City, for appellants.

S. Paul Hammons, Oklahoma City, for appellees.

HUNTER, Judge:

This appeal, Number 66,566, and appeal Number 65,531 were consolidated under the surviving number 66,566. Prior to this consolidation, Appeal Number 65,531 was consolidated with Appeal Numbers 65,529, 65,530, 65,852, 65,853 and 65,855 with Appeal Number 65,531 as the surviving number. Appeal Number 66,566 had been previously consolidated with Appeal Numbers 66,567 and 66,568, with Appeal Number 66,566 as the surviving number. Appellant, Hold Oil Corporation, instituted all of these appeals from certain orders of the Corporation Commission relating to three separate wells; "Ace" well, "First Oklahoma" well, and "Houck" well.

Appellant, Hold Oil Corporation, was the designated operator of "Ace" and "First Oklahoma" under separate forced pooling orders, and was the designated operator of "Houck" under an increased density order.

Appellee, Royalty Petroleum Company, filed three separate applications seeking removal of Hold as the operator of each of the three wells in question. In its applications, Royalty alleged that Hold should be removed as operator and Royalty or some other party be designated operator due to the unsatisfactory manner in which Hold has conducted operations. The three applications were consolidated for hearing.

The hearing examiner entered certain findings and recommendations which were adopted by the Corporation Commission in its three separate orders. The Commission orders found that Hold consistently failed to distribute revenues received for production in a timely manner; persisted in a pattern of clearly improper accounting practices and failed to send Appellees intelligible billings or cost statements; and was uncommunicative about the well operations to Appellees. The Commission ordered that Hold be removed as the operator for each of the three wells, and that Royalty be designated as the operator of the three unit wells. The Commission further ordered that Hold would have twenty (20) days to turn over to the new operator all undistributed revenues for the unit wells and that Hold would turn over to the new operator all future gas revenues received by Hold within ten (10) days of receipt. Further, the Commission ordered that Hold was to deliver to Royalty a list of all parties entitled to share in the production revenues, together with all division orders, transport orders and recent updates to the division order title opinions. From the three separate orders of the Corporation Commission, Appellants perfected three separate appeals, which were consolidated under the surviving number 65,531.

Subsequent to perfecting the appeals of the above mentioned Corporation Commission orders, Appellant, Hold filed three separate applications with the Corporation Commission for orders clarifying the removal orders, with a finding that Hold was not required to turn over to Royalty money received by Hold which is attributable to the interest of Hold or its partners. Hold took the position that upon their receipt of the monthly revenues from the purchaser, Hold need only turn over to the new opera-

tor, Royalty, the total revenues, less the portion attributable to Hold and its partners. The Corporation Commission entered three separate orders denying the application for clarification of Hold and required Hold to turn over to Royalty all gas revenues received by Hold, including those attributable to the interest of Hold and its partners in the unit wells. Upon receipt of the revenues, Royalty was then ordered to distribute to Hold and its partners their proportionate share of the revenues. From the orders denying clarification, Appellants timely perfected their appeals, which were consolidated under surviving Number 66,-566.

### APPEAL NUMBER 65,531

Appellants appeal from Corporation Commission order Numbers 287683, 287684 and 287685 which remove Hold as operator of the three wells and designate Appellee, Royalty Petroleum Company as operator of these wells.

■ Appellants contend the Commission did not have jurisdiction to remove Hold as operator on the basis of a private dispute, nor did they have jurisdiction to order Hold to pay monies to Royalty or require Hold to turn over its valuable documents. Hold argues that the dispute, as to its manner and method of operation of the three wells, is a private dispute between the parties which does not confer jurisdiction upon the Corporation Commission to order its removal as the unit operator. In support of its position, Hold relies on the cases of *Tenneco Oil Company v. El Paso Natural Gas*, 687 P.2d 1049 (Okl. 1984) and *Samson Resources Company v. Corporation Commission*, 702 P.2d 19 (Okl.1985). However, these cases are distinguishable, and not persuasive. Both *Tenneco* and *Samson* deal with private operating agreements not incorporated within a Corporation Commission forced pooling order. The question in both cases was whether the Corporation Commission had exclusive jurisdiction to remove the operator under the private or voluntary agreement. The Court in the Samson case held that the relief requested, the replacement of an operator designated under a voluntary pooling agreement, was clearly beyond the Commission's conferred jurisdic-

tion, as it concerned a dispute between private parties in which the public interest in correlative rights was not involved. The facts in this appeal are distinguishable because Hold was appointed operator of the unit wells, not by private agreement between the parties, but by order of the Corporation Commission. Therefore, we find that the *Tenneco* and *Samson* decisions do not deprive the Corporation Commission of jurisdiction to order the removal of Hold as the designated operator of the unit wells.

The Commission found that although the parties might have other disputes that could be resolved only in the District Court, the application for removal of the operator was properly before the Commission. The designation of Hold as the operator for the three wells was by order of the Commission under the provisions of Title 52 O.S. 1981 § 87.1(e). The forced pooling orders are a reasonable exercise of the State Police Power to protect the correlative rights of the owners in a common source of oil and gas supply. The managerial responsibility of a designated unit operator in developing for, producing and selling oil or gas from the unitized pool is also an exercise of the State Police Power. *Crest Resources v. Corporation Commission*, 617 P.2d 215 (Okl.1980). The Commission has continuing jurisdiction to determine and redetermine provisions for the payment of development and operational costs in connection with the development of the spacing and drilling unit. *Amarex Inc. v. Baker*, 655 P.2d 1040 (Okl.1982). We therefore find that the Commission did have jurisdiction to enter its orders removing Hold as the unit operator, as well as requiring Hold to pay certain revenues to Royalty and turn over certain documents needed for management and operation of the wells. This jurisdiction is based on the continuing jurisdiction of the Corporation Commission to manage and safeguard the correlative rights of the various interest holders within the unit.

■ Appellants contend the Corporation Commission orders are not supported by substantial evidence. Hold also contends the orders of the Commission are not based on competent evidence. This proposition is without merit. Hold's main complaint,

which was raised at the initial hearing, was an objection to leading questions and the allegation that the attorney for Royalty attempted, through his questions, to testify himself. We do not find this argument persuasive in light of the review of the record as a whole.

The Commission found that the evidence established there was no dispute as to the conduct of field operations i.e. drilling and completing the well and day-to-day field checks and work. However, the Commission found the evidence established that Hold was not paying parties entitled to the proceeds from production of the wells equitably or timely, and that Hold charged owners for equipment not present at the site or being used, and did not pass on discounts they received from venders to other owners. Custom and practice within the oil and gas industry have established certain rights and obligations between the pooled interests in a spacing unit and the operator. Examples of these rights and obligations are; procedures for payment, methods of accounting, liabilities of parties and regulation of expenditures. *Tenneco, Supra.* We have reviewed the record and find that the testimony of Mr. Fowler and Mr. Carmack together with the improper charges discovered in the audits of Hold's books, adequately support the findings of the Commission and its orders removing Hold as unit operator.

Appellants contend the hearing officer acted arbitrarily and unreasonably in denying a continuance. The hearing officer refused to grant Hold a continuous to allow Jack Crowley to be present and to testify. The record reflects that Hold was previously given a two month continuous from January 24th to March 26th, and that the March 26th hearing ended before Hold was required to present any witnesses. The date of the hearing was nearly a full month later with both parties well aware of the hearing date, and the necessity for Hold's witnesses to begin their testimony. The hearing officer found that Hold had failed to show good cause for the granting of yet another continuance, and denied the request. The record reflects that this ruling was not an abuse of discretion nor unreasonable.

## APPEAL NUMBER 66,566

Appellants appeal from Corporation Commission order Numbers 296749, 296750 and 296751 which denied Hold's application for orders clarifying the Commission removal orders. Hold requested the Commission to specify that Hold was not required to turn over to Royalty money received by Hold, which was attributable to the interest of Hold or its partners. The Commission denied Hold's applications and reiterated the method of revenue payment by Hold to Royalty set out in its original removal orders. The orders required Hold to turn over all revenues received to Royalty for distribution. Hold argues that it should be allowed to withhold its share of the revenues before turning the revenues over to Royalty for distribution.

The orders of the Corporation Commission were based on the evidence of the past conduct of Hold as the operator of the unit wells. The required method of payment by Hold to Royalty of all revenues is not unreasonable based on a review of the record. Hold again argues that the Commission was without jurisdiction to order payment of revenues claimed by Hold to Royalty. This argument has been thoroughly discussed earlier in this opinion and the Commission's jurisdiction to enter such orders has been determined to be valid.

Appellants contend the orders are an impairment of Hold's contractual rights. Hold has a contract for sale of all of the gas of the wells in question to Arkla, and as a result, receives all of the revenues for the three wells. The Corporation Commission orders removing Hold as operator and requiring them to pay all revenues received to Royalty does not affect the contract right with Arkla. The Commission orders deal with the revenues after they have been paid under the terms of the contract.

The Corporation Commission has wide discretion in the performance of its legal duties, and its findings of fact and legal conclusions must be upheld by the reviewing court unless the findings are not supported by substantial evidence or the conclusions are contrary to law. Substantial evidence is that which possesses substance and relevance and will induce conviction

that the order made was proper. *Union Texas Petroleum v. Corporation Commission,* 651 P.2d 652 (Okl.1981). We have reviewed the records in these appeals, and conclude that the orders of the Corporation Commission appealed from, are supported by substantial evidence and are not contrary to law.

For the reasons stated above, the orders of the Corporation Commission are AFFIRMED.

HANSEN, P.J., and BAILEY, J., concur.